IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VICIDIEM, INC., a Utah corporation, and CRAIG HUTCHINSON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL CHRISTENSEN, an individual, and FIBERWAVE TECHNOLOGIES, LLC, a Utah limited liability company; JOHN DOES I – X, and DOE CORPORATIONS I – X,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:19-cv-358-DB<br><br>District Judge Dee Benson |

Before the court is Defendants' Motion to Dismiss. (Dkt. No. 7.) The motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

Facts

In this action, Vicidiem, Inc. ("Vicidiem") has sued its former attorney Chief Operating Officer ("Christensen") and the new company Christensen formed after the termination of his relationship with Vicidiem ("Fiberwave"). Vicidiem is a provider of wholesale internet, television, and telephone services to apartment complexes and other multi-unit developments. (Complaint ¶ 8.) Christensen is an attorney. (*Id*. ¶ 11.) Plaintiff Craig Hutchinson ("Hutchinson") is a principal and founder of Vicidiem. (*Id.* ¶ 10.)

In 2012 and 2013, Christensen represented Vicidiem, Hutchinson, and another owner of Vicidiem on a part- time basis. (*Id.* ¶ 12.) In late 2013 or early 2014, Christensen proposed a new arrangement in which he would work full-time as the COO of Vicidiem. (*Id.* ¶ 14, Dkt. No. 13-1.) Christensen drafted a Service Agreement, which provided that Christensen would use his business experience to promote Vicidiem, that he would assist in securing financing for the growth of the business, and that he would "also use his legal training and experience to benefit Vicidiem." (*Id.* ¶ 15, Dkt. No. 13-1[1], ¶ 1.) The Agreement provided a guaranteed minimum salary to Christensen and granted equity in Vicidiem to Christensen. (*Id.* ¶ 18, Dkt. No. 13-1, ¶ 3.) Christensen did not advise Hutchinson or Vicidiem to seek independent legal counsel to review the Service Agreement. (*Id.* ¶ 20.)

In 2014, Christensen began to work full-time for Vicidiem as its COO. During his tenure as COO, Christensen continued to advise Plaintiffs on various legal matters, including drafting vendor contracts and employment agreements for key Vicidiem employees. (*Id.* ¶¶ 24, 25, 31.)

As COO, Christensen was also given access to Vicidiem's confidential information and trade secrets, including: customer contracts (*id.* ¶ 25); "confidential information regarding Vicidiem's business and business strategies" including "confidential information regarding technology, software development, business strategy, pricing, terms, duration, and key C level executives for Vicidiem's customers and vendors and strategic partners" (*id.* ¶ 26); "confidential information about upcoming and potential projects that Vicidiem intended to monetize, including

---

[1] On a Motion to Dismiss, the court may consider the Complaint, and any documents attached thereto, and any external documents that are referenced in the Complaint and whose accuracy is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). As the parties have both submitted a copy of the Service Agreement, it appears that the accuracy of the document is not in dispute. Accordingly, the court considers the document and finds Defendants' Request for Judicial Notice (Dkt. No. 8) to be MOOT.

a full list of all project and contacts in the company's backlog and pipeline through 2021" (*id.* ¶ 27); and "programs, methods, techniques and processes" developed and utilized by Vicidiem. (*Id.* ¶ 28.)

On March 29, 2019, Vicidiem terminated its relationship with Christensen. (*Id.* ¶ 35.) On April 2, 2019, Christensen formed Fiberwave. (*Id.* ¶ 37.) On April 4, 2019, three key Vicidiem employees who provided engineering services to Vicidiem abruptly resigned without notice. (*Id.* ¶ 36.) Christensen, either directly or through Fiberwave, employed or partnered with the Vicidiem engineers following their departure. (*Id.* ¶ 38.)

Within days of forming Fiberwave, Christensen and others associated with Fiberwave contacted and met with Vicidiem customers and vendors. (*Id.* ¶ 39.) Those contacts included soliciting several Vicidiem customers, reaching out to Vicidiem's fiber services vendor, and contacting a developer with whom Vicidiem was engaged in negotiations and falsely stating that Fiberwave's hiring of Vicidiem's engineers rendered Vicidiem unable to perform the work it had solicited from the developer. (*Id.* ¶¶ 40-48.)

Vicidiem alleges ten Causes of Action against Christensen and Fiberwave: 1) Declaratory Judgment that the contract with Christensen is void; 2 and 9) Breach of fiduciary duty against Christensen; 3) tortious interference; 4) violation of the Defend Trade Secrets Act; 5) violation of the Utah Trade Secrets Act; 6 and 7) fraudulent/ negligent non-disclosure against Christensen; 8) breach of contract against Christensen; and 10) legal malpractice against Christensen. Defendants have moved to dismiss all claims.

Discussion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, requires facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Under Rule 12(b)(6), the court must accept all well-pleaded allegations in the Amended Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (quoting *Sutton v. Utah Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). The Court must limit its consideration to the four corners of the Complaint, and any documents attached thereto, and any external documents that are referenced in the Complaint and whose accuracy is not in dispute. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

Defendants have moved to dismiss Plaintiffs' Complaint in its entirety pursuant to Rule 12(b)(6). Defendants first argue that Plaintiffs have not alleged sufficient facts and law to support their claim that the Service Agreement was void and constituted fraudulent or negligent non-disclosure. Plaintiffs have alleged, among other things, that their attorney drafted his own employment agreement granting himself a substantial equity interest in Vicidiem without recommending outside counsel or independent review. The court finds sufficient alleged facts and law to support a plausible claim that the Service Agreement is unenforceable or void, or could support a claim for fraudulent or negligent non-disclosure.

Defendants next argue that Plaintiffs have failed to sufficiently plead in the alternative a breach of contract. Plaintiffs have alleged that that Christensen breached his contract by "among other things, not working the requisite number of hours, not putting forth best efforts to fulfill his obligations, by acting to circumvent, undermine or obstruct the rights and efforts of Vicidiem to develop and market its products, attempting to appropriate business opportunities from the relationships of Plaintiffs, and acting in a manner that would adversely affect the relationships between actual or prospective vendors, licensors, licensees, affiliates, investors or lenders." (*Id.* ¶112.) Plaintiffs have pleaded sufficient facts related to Christensen's alleged breach of contract to survive a motion to dismiss.

Defendants next argue that Plaintiffs have failed to allege a breach of fiduciary duty against Christensen as an owner or COO of Vicidiem. Plaintiffs have asserted that Christensen continued to act as their attorney throughout his time as COO of Vicidiem. Plaintiffs have also alleged that Christensen engaged in self-dealing and failed to disclose information to Vicidiem, while acting as their attorney. These allegations are sufficient to survive Defendants' Motion to Dismiss with respect to a breach of fiduciary duty.

Defendants' argument that Plaintiffs failed to allege a legal malpractice claim similarly fails. Plaintiffs have alleged that Christensen was engaged as Plaintiffs' attorney for several years before his tenure as COO and throughout his time with Vicidiem. They have also alleged that, while engaged as their attorney, he made "numerous mistakes, typos, and other errors or omissions", including "fill[ing] in the wrong term for a contract before having it signed by the appropriate parties, costing Vicidiem approximately $300,000.00." (*Id.* ¶¶ 127-28.) Those allegations are sufficient to establish a plausible claim for legal malpractice.

Next, Defendants assert that Plaintiffs have failed to plead a violation of Utah trade secret law. Plaintiffs have alleged that Christensen was given access to trade secrets, including customer contracts (*id.* ¶ 25); "confidential information regarding Vicidiem's business and business strategies" including "confidential information regarding technology, software development, business strategy, pricing, terms, duration, and key C level executives for Vicidiem's customers and vendors and strategic partners" (*id.* ¶ 26); "confidential information about upcoming and potential projects that Vicidiem intended to monetize, including a full list of all project and contacts in the company's backlog and pipeline through 2021" (*id.* ¶ 27); and "programs, methods, techniques and processes" developed and utilized by Vicidiem. (*Id.* ¶ 28.) Plaintiffs have also asserted that Christensen used that specific, non-public information to solicit Vicidiem's employees, vendors, and customers and gain a competitive advantage. Those allegations are sufficient to plead a plausible claim for violation of Utah trade secret law.

Defendants' argument that Plaintiffs failed to plead improper means to support a claim for tortious interference is similarly unavailing. Plaintiffs have alleged that Christensen and Fiberwave improperly used confidential information and trade secrets to gain a competitive advantage by inducing key employees and key customers and prospective customers to leave Vicidiem for Fiberwave. Those allegations are sufficient to plead a plausible claim for tortious interference under Utah law.

Finally, Defendants argue that Plaintiffs' claims for tortious interference and breach of fiduciary duty are preempted by the Utah Uniform Trade Secrets Act ("UTSA"). Plaintiffs have alleged breaches of the duty of confidentiality independent of Plaintiffs' trade secrets claims. Accordingly, Plaintiffs' claims are not preempted by the UTSA.

Plaintiffs' Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, Defendants' Motion to Dismiss is denied in its entirety.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is hereby DENIED.

DATED this 7th day of October, 2019.

BY THE COURT:

_____
Dee Benson
United States District Judge