# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **VICIDIEM, INC.**, a Utah corporation, and **CRAIG HUTCHINSON**, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>**PAUL CHRISTENSEN**, an individual, and **FIBERWAVE TECHNOLOGIES, LLC**, a Utah limited liability company; **DEAN NORTH**, an individual; **STEVEN TWEEDIE**, an individual; **JOHN DOES I – X,** and **DOE CORPORATIONS I – X.**<br><br>Defendants.<br><br>_____<br><br>**PAUL CHRISTENSEN**, an individual,<br><br>Counterclaimant,<br><br>**VICIDIEM, INC.**, a Utah corporation; **CRAIG HUTCHINSON**, an individual,<br><br>Counterclaim Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br><br>Case No. 2:19-cv-00358-DB<br><br>District Judge Dee Benson |

Before the Court is Plaintiffs' Application for Temporary Restraining Order and Preliminary Injunction. (Dkt. No. 25.) The court denied the Motion for Temporary Restraining Order on October 31, 2019. (Dkt. No. 35.) The court then held a hearing on the Motion for Preliminary Injunction on November 20, 2019. Plaintiffs were represented by Blake D. Miller, Jacob Dale Barney, and Jared D. Scott. Defendants were represented by Kent R. Christensen and Roger P. Christensen. At the conclusion of the hearing, the court took the matter under advisement. Now being fully advised, the court renders the following Memorandum Decision and Order.

A party seeking a preliminary injunction bears the burden of proving four things: (1) a substantial likelihood of prevailing on the merits; (2) the movant will suffer irreparable harm if the court denies the injunction; (3) the threatened harm to the movant outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction is not adverse to the public interest. *See Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009). "Because it constitutes drastic relief to be provided with caution, a preliminary injunction should be granted only in cases where the necessity for it is clearly established." *U.S. ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.,* 883 F.2d 886, 888–89 (10th Cir. 1989)

For the reasons set forth in the parties' briefing and at oral argument, the court finds a lack of "clear and unequivocal" support for a right to relief that is necessary for the entry of the "extraordinary remedy" of a preliminary injunction. *Greater Yellowstone Coal v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). Specifically, Plaintiffs have failed to demonstrate that there is a substantial likelihood of success on the merits of any of their claims, or that they will suffer

irreparable harm unless the requested injunction is issued. As such, the court hereby denies Plaintiffs' Motion for Preliminary Injunction. (Dkt. No. 25.)

## **CONCLUSION**

For the foregoing reasons, and for those expressed in the parties' briefing and oral arguments, Plaintiffs' Motion for Preliminary Injunction is hereby DENIED.

DATED this 20th day of December, 2019.

BY THE COURT:

Hon. Dee Benson
United States District Judge