IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VICIDIEM, INC. et al.,<br><br>　　　　　　　Plaintiffs,<br>v.<br><br>PAUL CHRISTENSEN, et al,<br><br>　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER<br><br>Case No. 2:19-cv-358 DBB<br><br>District Judge David B. Barlow<br><br>Magistrate Judge Dustin B. Pead |

　　　　This matter is before the court on Plaintiffs' Motion for Protective Order. (ECF No. 113).[1] Judge David Barlow referred this case to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A) on February 20, 2020. (ECF No. 86.) As set forth herein, the court will grant the motion in part.

　　　　Pursuant to Local Rule 37-1 and 26-2, Plaintiffs move the court for a protective order to stay the deposition of Craig Hutchinson set for May 22, 2020. Plaintiffs note that they can accommodate Mr. Hutchinson's deposition for multiple date options after June 8th. Plaintiffs fail to articulate the nature of Mr. Hutchinson's conflict for May 22nd, but in response, Defendants "have already honored that conflict and are not insisting on that date." (ECF No. 116 p. 4.) Thus, Plaintiffs' motion as it pertains to May 22nd is moot because there is no controversy between the parties. What remains, however, is Plaintiffs' request to hold Mr. Hutchinson's deposition after June 8th.

　　　　Plaintiffs assert delaying the deposition to a date after June 8th is warranted by the current COVID-19 conditions and doing so will not prejudice Defendants. Defendants take issue

---

[1] Pursuant to Local Rule 7-1(f) the court elects to decide the motion on the basis of the written submissions.

with Plaintiffs' characterizations and assert depositions are already proceeding remotely in other cases, so there is no need to delay the deposition due to COVID-19. Further, it is uncertain that much will change with the global pandemic after June 8th. Finally, Defendants point to Plaintiffs' discovery efforts that have already commenced in earnest arguing there is no basis for delaying Mr. Hutchinson's deposition while Plaintiffs are pursuing discovery.

After reviewing the correspondence between counsel, the court finds this is exactly the type of dispute that illustrates a failure by the parties to take their duty to cooperate seriously in the discovery process under the Federal Rules.[2] Inherent in the Federal Rules is the need for counsel to cooperate during the discovery process. *See* Fed. R. Civ. P. 37. "Cooperation among counsel is not only helpful, but required, and the court has the duty to ensure that such cooperation is forthcoming." *State of Ohio v. Crofters, Inc.*, 75 F.R.D. 12, 21, (D. Colo. 1977), *aff'd sub nom. State of Ohio v. Arthur Andersen & Co.*, 570 F.2d 1370 (10th Cir. 1978). As another court observed, "It is time that depositions be conducted by members of the bar in a cooperative manner, in accordance with both the letter and spirit of the rules, without petty bickering and without intervention by busy courts with more important matters pressing for attention." *Shapiro v. Freeman*, 38 F.R.D. 308, 312 (S.D.N.Y. 1965). The court expects the parties in this case to make more vigorous efforts to cooperate with each other in the discovery process. Cooperation does not conflict with the advancement of a clients' interests, and in fact, it will likely save the client money and provide advantages in the long run.

---

[2] The animosity between the parties is further illustrated by the voluminous briefing surrounding pending cross motions to disqualify opposing counsel. *See In re Burris*, 598 B.R. 315, 338 (Bankr. W.D. Okla. 2019) ("scorched earth litigation [often occurs] when people have such strong emotional issues that the money becomes irrelevant.") (quoting Paul Fisher, *The Power Tools of Estate Conflict Management*, 24-Jun. Prob. & Prop. 42 (2010)).

The court orders the parties to effectively work together to depose Mr. Hutchinson on or before June 15, 2020. This should provide more than enough time to accommodate schedules that may actually be lighter due to the current pandemic. Therefore, Plaintiffs' motion is GRANTED IN PART and DEEMED MOOT as to the conflict on May 22nd.

IT IS SO ORDERED.

DATED this 8 May 2020.

_____
Dustin B. Pead
United States Magistrate Judge